UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:20-cv-00051-LLK

JOEL K. DIEL     PLAINTIFF

v.

ANDREW SAUL, Acting Commissioner of Social Security     DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Plaintiff filed his fact and law summary, [Docket Number ("DN") 12], and, rather than responding in opposition, the Commissioner filed a motion for a remand pursuant to sentence 4 of Section 405(g) for further administrative proceedings. [DN 21]. Plaintiff filed a response, agreeing to a remand but arguing that a judicial award of benefits is warranted. [DN 22]. The Commissioner replied, arguing that a judicial award is unwarranted. [DN 23]. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 10].

Plaintiff alleges he became disabled on April 28, 2016, and the Administrative Law Judge ("ALJ") found that he became disabled on October 14, 2018, which the ALJ treated as Plaintiff's fifty-fifth birthday. [DN 9-2 at 20-21].

For the reasons below, the Court will GRANT the Commissioner's motion for a sentence 4 remand, [DN 21]; REVERSE he Commissioner's final decision; and REMAND this matter to the Commissioner for calculation and payment of past-due benefits for the period beginning on April 28, 2016.

**Background facts and procedural history**

On September 25, 2018, Plaintiff's treating orthopedic surgeon, Brian S. Kern, M.D., completed the Medical Source Statement of Ability to Do Work-Related Activities (Physical). [DN 9-23 at 1370-75].

1

Among other things, Dr. Kern found that, in an 8 hour work day, Plaintiff can stand for a total of only 1 hour and can walk for only 1 hour (but can sit for 8 hours) and that Plaintiff can never use his left hand to reach, push, or pull (but can occasionally handle, finger, and feel with both hands).  Id.

The ALJ purported to "place[] great weight on this opinion [of Dr. Kern], as it is consistent with the medical records of evidence."  [DN 9-2 at 18].  Yet the ALJ found that, prior to October 14, 2018, Plaintiff could "stand and walk up to six hours in an eight-hour work day" and could occasionally reach, push, and pull "with his bilateral upper extremities."  Id. at 14, 18.

The Commissioner acknowledges that "it is not clear to what extent the ALJ considered Dr. Kern's opined limitations," [DN 23 at 5], to which the ALJ claimed to give "great weight," [DN 9-2 at 18], in light of significant discrepancies between the limitations opined by Dr. Kern and those found by the ALJ.  The Commissioner admits that, "[a]lthough the ALJ credited Dr. Kern's opinion, … the ALJ did not explain why he did not accommodate Dr. Kern's opined limitation to never reach or push/pull with his left hand, never climb stairs and ramps, and certain manipulative limitations [and] … Dr. Kern's opined limitations related to Plaintiff's lower extremities."  [DN 23 at 5].

**The ALJ was required to give Dr. Kern's medical opinion controlling weight.**

Plaintiff's argument is in three parts.  First, Plaintiff argues that the ALJ was required to give Dr. Kern's medical opinion controlling weight because it was "well supported by a medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [Plaintiff's] case record."  [DN 12 at 6 quoting 20 C.F.R. § 404.1527(c)(2)].  "[A]n ALJ is required to give controlling weight to a treating physician's opinion, so long as that opinion is supported by clinical and laboratory diagnostic evidence not inconsistent with other substantial evidence in the record."  *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017) (affirmed by Supreme Court).

2

The first part of Plaintiff's argument is persuasive. As noted above, Dr. Kern found that, in an 8 hour work day, Plaintiff can stand for a total of only 1 hour and can walk for only 1 hour and can never use his left hand to reach, push, or pull. [DN 9-23 at 1370-75].

When asked to identify supporting medical / clinical findings, Dr. Kern attributed Plaintiff's standing/walking limitations to his status post right total knee arthroplasty ["S/P (R) TKA"]. [DN 9-23 at 1371]. Arthroplasty is the creation of an artificial joint to correct advanced degenerative arthritis. *Harvey v. Comm'r*, No. 16-3266, 2017 WL 4216585, at *3 (6th Cir. 2017) (citing Stedman's Medical Dictionary). Additionally, Dr. Kern found that Plaintiff "cannot tolerate standing or hard surfaces without experiencing pain/swelling." [DN 9-23 at 1371].

Dr. Kern attributed Plaintiff's left-hand limitations to having "observed patient to have restrictions in motion of his upper extremities," with the limitations on the left being greater than those on the right ["UE's L > R"]. *Id.* at 1372. Additionally, Dr. Kern found that Plaintiff "has a painful left total shoulder arthroplasty," "has weakness / pain in right shoulder," is "status post rotator cuff repair," may need a reverse total shoulder arthroplasty ["TSA"], and suffers from cervical degenerative joint disease ["DJD"]. *Id.* at 1370, 1372.

The ALJ was required to give Dr. Kern's medical opinion controlling weight because it was "well supported by a medically acceptable clinical and laboratory diagnostic techniques and [was] not inconsistent with other substantial evidence in [Plaintiff's] case record." 20 C.F.R. § 404.1527(c)(2).

**Dr. Kern's medical opinion limits Plaintiff to sedentary work.**

Second, Plaintiff argues (states) that the vocational expert ("VE") testified that Dr. Kern's findings, if accepted, would limit him to sedentary work. [DN 12 at 7 referencing DN 9-2 at 58-59]. The VE's testimony was consistent with Social Security Ruling (SSR) 83-10, which provides, among other things, that the "full range of light work requires standing or walking, off and on, for a total of approximately 6

hours of an 8-hour workday [and that] [s]itting may occur intermittently during the remaining time." 1983 WL 31251, at *6.

**Plaintiff is disabled pursuant to direct application of Rule 201.14 of Appendix 2 of the regulations.**

Third, Plaintiff argues that, because he is restricted to sedentary work, he is disabled pursuant to direct application of Rule 201.14 of Appendix 2 of the regulations. [DN 12 at 2, 7].

The third and final part of Plaintiff's argument is persuasive. The ALJ found that Plaintiff was not disabled prior to October 14, 2018, citing Rule 202.14 as a framework for decision making, but thereafter Plaintiff became disabled pursuant to direct application of Rule 202.06. [DN 9-2 at 20]. Rules 202.06 and 202.14 contemplate, among other things, a maximum sustained work capability limited to light work. The corresponding rules for an individual limited to sedentary work are Rules 201.06 and 201.14, and they direct an ultimate finding of "disabled."

**The record adequately establishes Plaintiff's entitlement to benefits prior to October 14, 2018.**

The Commissioner filed a motion for remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). [DN 21]. A sentence four remand is a "post-judgment remand; a case is remanded to the [Commissioner] in conjunction with a final 'judgment affirming, modifying, or reversing the [Commissioner's final] decision.'" *Faucher v. Sec'y of Health & Hum. Servs.*, 17 F.3d 171, 175 (6th Cir. 1994) (quoting sentence four).

When a plaintiff refuses the Commissioner's offer of a sentence 4 remand for further administrative proceedings and argues a remand for a judicial award of benefits is warranted, the district court must determine whether "all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Inman v. Comm'r*, 920 F. Supp. 2d 861, 867 (S.D. Ohio 2013) (quoting *Faucher*, 17 F.3d at 176)).

4

Here, the record adequately establishes Plaintiff's entitlement to benefits prior to October 14, 2018, because (as discussed above) Plaintiff persuasively argues that he was disabled pursuant to direct application of Rule 201.14 of Appendix 2 of the regulations.

**The Commissioner's argument is unpersuasive.**

The Commissioner's motion for a sentence four remand states that "[i]n the event Plaintiff files an opposition to this motion to remand, the Commissioner will address those objections in a Reply brief." [DN 21 at 2]. Plaintiff filed an opposition to a remand for further administrative proceedings, [DN 22], yet the Commissioner's reply, [DN 23], does not explicitly address any part of Plaintiff's three-part argument. In fact, the reply does not even mention whether Dr. Kern's (or any other medical source's) opinions might be entitled to "controlling" weight or might limit Plaintiff to "sedentary" work and does not mention any Appendix 2 rule.

From the Commissioner's perspective, this case boils down to the fact that a "judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking," *Faucher*, 17 F.3d at 176, together with the fact that the Commissioner is able to identify five specific items of evidence which he believes demonstrate that evidence of non-disability is not lacking in this case. [DN 23 at 6]. According to the Commissioner, Plaintiff is simply unable to satisfy the "very high standard of proof of disability" required for a judicial award of benefits. *Id.* at 2.

The five items relied on by the Commissioner are as follows: 1) On one occasion after shoulder surgery, Plaintiff was "non-tender upon palpation," and x-rays indicated that shoulder components were in "good position without any evidence periprosthetic fracture, loosening or osteolysis" [DN 23 at 2-3]; 2) On one occasion after neck surgery, Plaintiff exhibited "normal strength" and "full extension" of upper extremities, and x-rays indicated the vertebrae were "stable" [*id.* at 3]; 3) On one occasion after knee surgery, physical examination was "unremarkable," the lower extremities were "neurovascularly intact,"

5

gait was "stable," and radiographs indicated the knee was in "good position," with no "loosening" or "periprosthetic fracture" [*id.*]; 4) In July 2017, the Commissioner's one-time examining consultant, Dr. Lopez, examined Plaintiff, and the findings were "largely unremarkable" [*id.* at 4]; 5) In August 2017, the Commissioner's non-examining program physician, Dr. Saranga, opined that Plaintiff is capable of light work, and the ALJ gave that opinion "great weight" [*id.*].

The Commissioner's argument is unpersuasive for three reasons. First, admittedly, in light of the foregoing evidence, evidence of non-disability would not be lacking but for Dr. Kern's medical opinion and this Opinion's finding that the ALJ was required to give it controlling weight. The evidence cited by the Commissioner does not undermine Dr. Kern's opinion or render it not "well supported by a medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1527(c)(2). Second, items 1 through 3 appear to be based on "cherry-picked select portions of the medical record." *Wilson v. Comm'r*, 783 F. App'x 489, 504 (6th Cir. 2019). Third, items 4 and 5 do not properly take into account that the rules for weighing medical opinions "establish a hierarchy for evaluating medical source opinions in which the well-supported opinion of a treating physician [e.g., Dr. Kern] is entitled to controlling weight, see 20 C.F.R. § 404.1527(c)(2), and the opinion of an examining but nontreating physician [e.g., Dr. Lopez] is given more weight than the opinion of a nonexamining physician [e.g., Dr. Saranga], see 20 C.F.R. § 404.1527(c)(1)." *Beery v. Comm'r*, 819 F. App'x 405, 408 (6th Cir. 2020).

In summary, in this case, when the evidence is considered in context and the rules for weighing medical opinions are properly taken into account, "proof of disability is overwhelming," and substantial evidence to the contrary is "lacking." *Faucher*, 17 F.3d at 176.

**Order**

Therefore, it is hereby ORDERED that the Commissioner's motion for a sentence 4 remand, [DN 21], is GRANTED; the final decision of the Commissioner is REVERSED; and this matter is REMANDED to the Commissioner for calculation and payment of past-due benefits for the period between April 28, 2016 (when Plaintiff alleges he became disabled), and October 14, 2018 (when the ALJ found Plaintiff became disabled).

March 11, 2021

Lanny King, Magistrate Judge
United States District Court